IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT S. HILLARD, Natural Parent and Next Friend, and ROBERT S. HILLARD, | ) ) ) ) | 4:11CV3092 |
| Plaintiffs, | ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES' EMPLOYEES, et al., | ) ) ) ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on June 16, 2011. (Filing No. 1.) Plaintiff is a prisoner and has paid the initial partial filing fee in this matter. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against six separate Defendants, including the Nebraska Department of Health and Human Services ("NDHHS"), Boys Town Treatment Group Home, several employees of these entities, and the mother of his minor child. (Filing No. 1 at CM/ECF pp. 1-2.) Condensed and summarized, Plaintiff alleges that, pursuant to a 1999 Lancaster County, Nebraska District Court decision issued during his divorce proceedings, he is entitled to "supervised visitation" with his minor son. (*Id.* at CM/ECF p. 3.) Since that time, at Defendants' request, Plaintiff's son has received numerous state-provided services and placements, about which Plaintiff has not been consulted or informed. (*Id.* at CM/ECF pp. 3-6.) Plaintiff has sought relief repeatedly in his son's ongoing, separate juvenile case pending in Nebraska state court. (*Id.*) Plaintiff has apparently been unsuccessful in obtaining the

relief he seeks in that venue. (*Id.*) Plaintiff alleges that Defendants' conduct regarding his son violates his due process and equal protection rights under the United States Constitution. (*Id.* at CM/ECF pp. 10-12.) Plaintiff requests injunctive relief requiring Defendants to take steps to allow him to "have a meaningful relationship" with his son, money damages, and access to a "practioner [sic] with the expertise in family relationships." (*Id.* at CM/ECF pp. 12-13.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges Defendants improperly interfered with his relationship with his son, and, through the ongoing state-court juvenile proceedings, denied him access to, and information about, his minor child. (Filing No. 1.) This court is mindful of its obligation to promote comity between state and federal judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Carson P. v. Heineman*, 240 F.R.D. 456, 523-32 (D. Neb. 2007) (finding that "child welfare and protection" is an important state interest and abstaining from jurisdiction where the plaintiffs were involved in separate juvenile proceedings in Nebraska state court in which they could raise their constitutional claims).

Here, Plaintiff requests injunctive relief requiring Defendants to take steps to allow him to "have a meaningful relationship" with his son, including counseling, visitation, and other services provided by NDHHS. (Filing No. 1.) It is apparent from the Complaint that there is an ongoing state judicial proceeding which implicates the important state interests relating to the custody, treatment, and safety of Plaintiff's minor child. (*Id.*) Plaintiff has not alleged, nor demonstrated, that those proceedings will not provide him with the opportunity to raise his constitutional claims in that

3

matter.[1]   Accordingly, the court will abstain from exercising jurisdiction over Plaintiff's claims.  However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

    2.    A separate judgment will be entered in accordance with this Memorandum and Order.

    3.    All pending motions are denied as moot.

    DATED this 7th day of September, 2011.

                BY THE COURT:

                s/ Joseph F. Bataillon
                Chief United States District Judge

---

[1] Indeed, the record shows that Plaintiff may have already raised his claims in these state-court proceedings, but the state court denied the claims. (Filing No. 1.) Thus, Plaintiff may be seeking relief from the state court's decision. However, this court is barred from exercising jurisdiction over those final state-court judgments because the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5